RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
Megan J. Freismuth
Assistant U.S. Attorney
(631) 715-7905
megan.freismuth@usdoj.gov

*Attorneys for United States of America*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRCT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 19-76260 (AST) |
| Absolut Facilities Management, LLC, *et al.* | Case No. 19-76263 (AST) |
| | Case No. 19-76267 (AST) |
| Debtors.[1] | Case No. 19-76268 (AST) |
| | Case No. 19-76269 (AST) |
| | Case No. 19-76270 (AST) |
| | Case No. 19-76271 (AST) |
| | Case No. 19-76272 (AST) |
| | (Jointly Administered) |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | Adversary Proceeding No. __ |
| ABSOLUT FACILITIES MANAGEMENT, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ALLEGANY, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924) (collectively, the "Debtors").

AT AURORA PARK, LLC, ABSOLUT CENTER )
FOR NURSING AND REHABILITATION AT )
GASPORT, LLC, ABSOLUT AT ORCHARD )
BROOKE, LLC, ABSOLUT CENTER FOR NURSING )
AND REHABILITATION AT ORCHARD PARK, LLC )
ABSOLUT CENTER FOR NURSING AND )
REHABILITATION AT THREE RIVERS, LLC )
AND ABSOLUT AT THREE RIVERS, LLC, and )
ABSOLUT CENTER FOR NURSING AND )
REHABILITATION AT WESTFIELD, LLC, )
                                                Defendants. )
_____)

## COMPLAINT

The Equal Employment Opportunity Commission (the "Commission" or "EEOC"), as Plaintiff in the above-captioned adversary proceeding, hereby alleges for its Complaint, upon knowledge of its own acts and upon information and belief as to all other matters, як follows:

## NATURE OF THIS ACTION

1.      The EEOC brings this Adversary Proceeding pursuant to Rules 7001(1), 7001(7), 7001(9) and 7065 of the Federal Rules of Bankruptcy Procedure for Declaratory, Equitable, and Injunctive Relief against Absolut Facilities Management, LLC ("AFM") and its affiliated debtor entities (collectively, "Debtors" and "Defendants") in connection with their violation of a pre-petition consent decree entered by the United States District Court for the Western District of New York in *EEOC v. Absolut Facilities Management, LLC et al.*, 1:18-cv-01020 (Consent Decree entered October 19, 2018) (the "Consent Decree").

2.      Specifically, the EEOC seeks entry of an Order: i) declaring that the $425,000 settlement fund created on November 27, 2018 pursuant to the Consent Decree (the "Settlement Fund") is not property of Debtors' bankruptcy estate; (ii) enjoining the Debtors, Plan Administrator, or any other party or entity from transferring, converting, or dissipating the

Settlement Fund; and (iii) ordering the Debtors to distribute the Settlement Fund in accordance with the pre-petition Consent Decree.

3.      This action does not violate the automatic stay under 11 U.S.C. 362(a) because the Settlement Fund was already established through insurance proceeds pre-petition pursuant to a court-ordered Consent Decree for the benefit of the victims of Defendants' alleged discriminatory actions and is being held in a segregated bank account.  The EEOC seeks to have that Settlement Fund, which is not property of Debtors' bankruptcy estate, distributed as required by the Consent Decree.

## JURISDICTION AND VENUE

4.      This action is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1334 and constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5.      Venue properly lies in the District under the provision of 28 U.S.C. § 1409(a).

6.      Because the EEOC is seeking declaratory, equitable, and injunctive relief, this matter is brought before the Court as an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

## PARTIES

7.      Plaintiff Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"), and is expressly authorized to bring suit to correct unlawful employment practices on the basis of disability and sex by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

8. Defendant Absolut Facilities Management, LLC is a New York limited liability company that owns and/or operates short-term rehabilitation, long-term skilled nursing care, and assisted living facilities in New York State.

9. Defendant Absolut Center for Nursing and Rehabilitation at Allegany, LLC is a New York limited liability company that owns and/or operates a short-term rehabilitation and long-term skilled nursing care facility located in Allegany, New York.

10. Defendant Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC, is a New York limited liability company that owns and/or operates a short-term rehabilitation and long-term skilled nursing care facility located in East Aurora, New York.

11. Defendant Absolut Center for Nursing and Rehabilitation at Gasport, LLC is a New York limited liability company that owns and/or operates a short-term rehabilitation and long-term skilled nursing care facility located in Gasport, New York.

12. Defendant Absolut at Orchard Brooke, LLC is a New York limited liability company that owns and/or operates an assisted care facility located in Orchard Park, New York.

13. Defendant Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC is a New York limited liability company that owns and/or operates a short-term rehabilitation and long-term skilled nursing care facility located in Orchard Park, New York.

14. Defendant Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC is a New York limited liability company that owns and/or operates a short-term rehabilitation and long-term skilled nursing care facility located in Painted Post, New York.

15. Defendant Absolut Center for Nursing and Rehabilitation at Westfield, LLC is a New York limited liability company that owns and/or operates a short-term rehabilitation and long-term skilled nursing care facility located in Westfield, New York.

## FACTS

16. On September 13, 2018, the EEOC commenced an action against Defendants under the ADA and Title VII to correct unlawful employment practices on the basis of disability and pregnancy and to provide appropriate relief to Charging Party Lisa Valentin ("Charging Party") and other individuals aggrieved by such practices. *See Equal Employment Opportunity Commission v. Absolut Facilities Management, LLC, et al.*, 1:18-cv-01020 (W.D.N.Y.).

17. Specifically, the EEOC alleged that, since at least January 1, 2013, Defendants engaged in unlawful employment practices on the basis of disability in violation of the ADA by, among other things, failing to accommodate Charging Party and other similarly aggrieved individuals with disabilities and instead terminating their employment on the basis of disability; denying leave as a reasonable accommodation to qualified individuals with disabilities; prohibiting qualified individuals with disabilities from returning to work unless they could do so without medical restrictions; and subjecting employees to unlawful disability-related inquiries and medical examinations.

18. The EEOC further alleged that, since at least January 1, 2013, Defendants engaged in unlawful employment practices on the basis of pregnancy in violation of Title VII by terminating the employment of Charging Party and other similarly aggrieved individuals on the basis of pregnancy; and failing to accommodate Charging Party and other similarly aggrieved women affected by pregnancy, childbirth, or related medical conditions while providing accommodations to non-pregnant workers similar in their ability or inability to work.

19. The EEOC alleged that the unlawful employment practices complained of were intentional and were done with malice or reckless indifference to the federally-protected rights of Charging Party and other similarly aggrieved individuals.

20. The EEOC sought injunctive relief as well as lost wages, compensatory damages, and punitive damages for Charging Party and individuals aggrieved by Defendants' unlawful employment practices.

21. On September 24, 2018, the EEOC and Defendants agreed to resolve the litigation by way of a proposed Consent Decree.

22. The United States District Court for the Western District of New York approved the Consent Decree by Order dated October 18, 2018. *See id.*, Docket No. 4, attached hereto as Exhibit A.

23. As relevant here, the Consent Decree provides that, "[w]ithin twenty-one (21) days of the Effective Date," *i.e.*, the date the Consent Decree was entered by the Court, "Defendants will pay FOUR HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($425,000) in monetary relief into a settlement fund and provide notice and proof of payment to the EEOC." Section VII(A)(1) (the "Settlement Fund").

24. The Consent Decree further provides that "[t]he monetary relief will be distributed to Claimants allegedly subjected to unlawful employment practices on the basis of pregnancy or disability . . . at any time between December 9, 2014 and the Effective Date. Eligibility for a distribution and the amount of any distribution will be determined solely by the EEOC in its discretion." Section VII(A)(1).

25. The Consent Decree provided Defendants with 60 days to provide the EEOC with information necessary to identify and contact Claimants (Section VII(A)(2)), and gave the EEOC eighteen (18) months to identify Claimants entitled to a distribution from the Settlement Fund. Section VII(B)(3).

26.     The Consent Decree further provided that "[a]ny settlement funds not distributed to Claimants by the end of the 18-month period will be remitted to a 501(c)(3) charitable organization approved by the EEOC whose mission is to advance the opportunities of women and/or individuals with disabilities in employment." Section VII(B)(6)

27.     On or around November 12, 2018, Defendant AFM's insurance carrier, Chubb Insurance, provided Defendant AFM with a check in the amount of $425,000.00 to settle the EEOC's lawsuit against its insured and fund the Settlement Fund, and provided notice and proof of payment to the EEOC. *See* Exhibit B attached hereto.

28.     On November 27, 2018, in accordance with the Consent Decree, Defendants deposited the $425,000.00 sum into a segregated and clearly identifiable bank account (M&T Acct. No. -7673).

29.     On December 18, 2018, in accordance with the Consent Decree, Defendants provided the EEOC with information necessary to identify and contact Claimants.

30.     Specifically, Defendants provided the EEOC with the names, contact information, and supporting documentation for over 4,000 employees who qualified as potential Claimants under the terms of the Consent Decree.

31.     The federal government, including the EEOC, was shut down from December 22, 2018 through January 25, 2019.

32.     Thereafter, the EEOC commenced the process of identifying and contacting Claimants in accordance with the Consent Decree.

33.     After reviewing and evaluating the documentation provided by Defendants, the EEOC sent letters and questionnaires to over 700 individuals who qualified as potential Claimants under the terms of the Consent Decree.

34. From April 2019 through December 2019, the EEOC collected and reviewed the potential Claimant questionnaires, conducted potential Claimant interviews, followed up with nonresponsive individuals, determined the amount of individual distributions, and collected releases and tax forms from individuals identified as eligible for a distribution.

35. On September 10, 2019, eleven months after the filing of the Consent Decree and more than nine months after the creation of the Settlement Fund, Defendants filed petitions for relief under Chapter 11 of the Bankruptcy Code. *In re. Absolut Facilities Management, LLC, et al.*, 8-19-76860-ast.

36. Defendants did not disclose the Settlement Fund as an asset of the Debtors in their initial filings submitted to this Court in the related bankruptcy proceeding. *See* 11 U.S.C. § 521(a)(1)(B)(i), (iii).

37. Defendants have never identified the Settlement Fund as property of the estate on any of the schedules submitted to this Court in the related bankruptcy proceeding and have never amended their disclosures to include the Settlement Fund.

38. On December 17, 2019, in accordance with the EEOC's obligations under the Consent Decree, the EEOC provided Defendants with a spreadsheet identifying the Claimants entitled to a distribution from the Settlement Fund and specifying the amount and nature of the individual distributions.

39. The EEOC identified 37 Claimants entitled to a distribution from the Settlement Fund, including female employees terminated because of their pregnancies or pregnancy-related medical conditions, pregnant employees forced to take unpaid leave because Defendants refused to accommodate their pregnancy-related work restrictions, individuals terminated while on disability or medical leave, individuals with disabilities who were terminated because

Defendants failed to accommodate them as required by the ADA, and employees subjected to invasive and unlawful medical questionnaires.

40. The distributions from the Settlement Fund include backpay and compensatory damages for individuals subjected to unlawful employment practices in violation of Title VII and/or the ADA.

41. The Consent Decree required Defendants to mail payments to the Claimants within thirty (30) days of receiving the spreadsheet. Section VII(B)(4).

42. Defendants failed to make the required payments within the time period specified in the Consent Decree.

43. As such, Defendants are currently in breach of the Consent Decree and in violation of the Order of the U.S. District Court for the Western District of New York.

44. Debtors claim the Settlement Fund is part of Debtors' bankruptcy estate.

45. Since October 2019, the EEOC has attempted to resolve this dispute with Debtors, to no avail.

46. On March 16, 2020, the Official Committee of Unsecured Creditors' filed a Joint Chapter 11 Plan (the "Plan") and accompanying Disclosure Statement (the "Disclosure Statement") in the related bankruptcy. *In re. Absolut Facilities Management, LLC, et al.*, 8-19-76260-ast, Dkt. Nos. 491 and 492.

47. The Plan and Disclosure Statement provide that "the Plan Administrator and the Debtors shall be enjoined from Distributing, dissipating, or otherwise transferring the Settlement Fund, and the Settlement Fund shall not vest with the Debtors, until entry of a Final Order resolving any action [in this Court seeking a determination that the Settlement Fund is not Estate

property and should not be distributed as provided in the Consent Decree]." *Id.*, Sections 8.8 and IX(H), respectively.

48. In its Declaration in support of the Committee's application to shorten the applicable notice period [*id.*, Dkt. No. 494], the Committee represented that it circulated a draft plan and disclosure statement to all parties who have entered appearances in the bankruptcy cases and "incorporated/addressed virtually all comments given". *Id.*, Dkt. No. 494-1. Therefore, upon information and belief, Debtors have agreed to Sections 8.8 and IX(H) of the proposed Plan and Disclosure Statement that provide that they are enjoined from disturbing the Settlement Fund in any manner until resolution of this adversary proceeding seeking a determination that the Settlement Fund is not property of the bankruptcy estate and should be distributed in whole to the intended victims.

## COUNT I

### (Declaratory Judgment)

49. The EEOC repeats and incorporates by reference paragraphs 1-48 of the Complaint as if set forth fully herein.

50. The EEOC seeks declaratory relief pursuant to Fed. R. Bankr. P. 7001(9).

51. The Settlement Fund is not property of Debtor's bankruptcy estate.

52. The monetary source of the Settlement Fund is an insurance payout from Chubb for the explicit and sole purpose of settling the discrimination claims prosecuted by the EEOC and for the exclusive benefit of the Claimants allegedly subjected to Defendants' unlawful employment practices.

53. Pursuant to the Consent Decree and in accordance with that purpose, Defendant AFM deposited the $425,000.00 received from Chubb into a separate and clearly identifiable bank account (M&T Acct. No. -7673) on November 27, 2018.

54. To date, that account is still funded in the amount of $425,000.00.

55. But for the Consent Decree and the insurance payout, Defendants would never have been in possession of these funds.

56. "[P]roperty of the estate" does not include "any power that the debtor may exercise solely for the benefit of any entity other than the debtor," such as property over which the debtor is a trustee, agent, or fiduciary. 11 U.S.C. § 541(b).

57. Property of the estate likewise does not include property in which the debtor holds only a legal, and not an equitable, interest. 11 U.S.C. § 541(d).

58. New York law governs whether the Consent Decree created a trust or agency relationship.

59. Under New York law, a trust may be created orally or in writing, and no particular form or words is required.

60. Defendants' obligation to create and fund the Settlement Fund arose pre-petition. *See* Section VII(A)(1) (within 21 days of its Effective Date, *i.e.*, October 18, 2018, "Defendants will pay FOUR HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($425,000) in monetary relief into a settlement fund and provide notice and proof of payment to the EEOC").

61. Although the bank account (and therefore legal title) is in Defendant AFM's name, AFM is not a beneficiary of the Settlement Fund.

62. Pursuant to the explicit and unambiguous language in the Consent Decree, the intended beneficiaries of the Settlement Fund are "Claimants allegedly subjected to unlawful

employment practices on the basis of pregnancy or disability as defined by Section II(A) and (B) of the Decree at any time between December 9, 2014 and the Effective Date." Section VII(A)(1).

63. The Consent Decree further provides that the Settlement Fund will not, under any circumstances, revert to Defendants.

64. Instead, the Consent Decree states that "[a]ny settlement funds not distributed to Claimants by the end of the 18-month period will be remitted to a 501(c)(3) charitable organization approved by the EEOC whose mission is to advance the opportunities of women and/or individuals with disabilities in employment." Section VII(B)(6).

65. The plain language of the Consent Decree, as well as the surrounding circumstances and extrinsic evidence, all manifest that the parties created a fiduciary relationship with respect to the Settlement Fund pursuant to which Defendants retained legal title, but are under an equitable duty to act for the benefit of the Claimants.

66. Because the Debtors do not own an equitable interest in property they hold in trust for another, that interest is not "property of the estate."

67. The Consent Decree also establishes an agency relationship between Defendants and the EEOC.

68. An essential characteristic of an agency relationship is that the agent acts subject to the principal's direction and control.

69. The Consent Decree requires Defendants to distribute the Settlement Fund in accordance with the EEOC's directives and provides Defendants with no discretion, authority, or control over the distribution of the Settlement Fund.

70. The EEOC, and the EEOC alone, has the authority under the Consent Decree to determine who is entitled to payment from the Settlement Fund and how much money each individual Claimant will receive.

71. The Consent Decree provides that "[e]ligibility for a distribution and the amount of any distribution *will be determined solely by the EEOC in its discretion.*" Section VII(A)(1) (emphasis added).

72. The Consent Decree further provides that "the EEOC will provide Defendants with a spreadsheet identifying Claimants who will receive payments from the settlement funds . . . and *will specify the amount that each Claimant will receive* in back pay and/or compensatory damages." Section VII(A)(4) (emphasis added).

73. The Consent Decree further provides that within thirty (30) days of receiving the spreadsheet from the EEOC, "Defendants *will mail the payments* via certified mail to the address provided by the Commission for each individual." Section VII(A)(4) (emphasis added).

74. Because the Defendants possess the Settlement Fund as an agent, those funds are not property of the Debtors' bankruptcy estate.

75. Accordingly, the EEOC seeks an order pursuant to Fed. R. Bankr. P. 7001(9) declaring that:

a. the Settlement Fund is not property of the Debtor's bankruptcy estate; and

b. the Settlement Fund is being held by the Debtors solely for the benefit of the Claimants identified by the EEOC pursuant to the Consent Decree.

## COUNT II

### (Specific Performance of Pre-Petition Obligations)

76. The EEOC repeats and incorporates by reference paragraphs 1-75 of the Complaint as if set forth fully herein.

77. The EEOC seeks specific performance pursuant to Fed. R. Bankr. P. 7001(1).

78. The EEOC and Defendants entered into a Consent Decree on October 10, 2018, eleven months before Defendants filed their Chapter 11 bankruptcy petition.

79. The EEOC has fully performed its obligations under the Consent Decree and remains ready, willing, and able to continue to perform its obligations under the Consent Decree.

80. The Consent Decree remains in effect and will remain in effect until at least October 18, 2021.

81. The Consent Decree required Defendants to pay $425,000.00 in to a Settlement Fund to be distributed to Claimants allegedly aggrieved by Defendants' unlawful employment practices on the basis of pregnancy or disability between December 9, 2014 and the Effective Date of the Consent Decree.

82. In accordance with the Consent Decree, Defendants deposited $425,000.00 into a Settlement Fund on November 27, 2018, nine months before the filing of the Chapter 11 bankruptcy petition.

83. The Consent Decree gave the EEOC eighteen (18) months to identify Claimants entitled to a distribution from the Settlement Fund. Section VII(B)(3).

84. On December 17, 2019, in accordance with the EEOC's obligations under the Consent Decree, the EEOC identified to Defendants the Claimants entitled to a distribution from the Settlement Fund and specified the amount and nature of each distribution.

85. The Consent Decree required Defendants to mail payments to the Claimants within thirty (30) days of receiving the spreadsheet. Section VII(B)(4).

86. Defendants failed to make the required payments within the time period specified in the Consent Decree.

87. To date, Defendants have not made the payments required by the Consent Decree.

88. Defendants are therefore in breach of the Consent Decree and in violation of the pre-petition Order of the U.S. District Court for the Western District of New York.

89. Accordingly, the EEOC seeks an order for specific performance pursuant to Fed. R. Bankr. P. 7001(1) of Defendants' obligations under the Consent Decree to issue checks to Claimants from the Settlement Fund pursuant to the terms of the Consent Decree.

## COUNT III

### (Injunctive Relief)[2]

90. The EEOC repeats and incorporates by reference paragraphs 1-89 of the Complaint as if set forth fully herein.

91. The EEOC seeks injunctive relief pursuant to Fed. R. Bankr. P. 7001(7) and Fed. R. Civ. P. 65.

92. The EEOC is likely to succeed on the merits of its claim that the Settlement Fund is not property of the bankruptcy estate for the reasons set forth above.

93. The Consent Decree specifically provides that "[n]o party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms." Section I(A)(3).

---

[2] On information and belief, Debtors have agreed to Sections 8.8 and IX(H) of the proposed Plan and Disclosure Statement [Dkt. Nos. 491 and 492] that provide that they are enjoined from disturbing the Settlement Fund in any manner until resolution of this adversary proceeding seeking a determination that the Settlement Fund is not property of the bankruptcy estate.

94. The Consent Decree further provides that "a breach of any term of this Decree by Defendants will be deemed a material and substantive breach of this Decree," and that "[n]othing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree if Defendants fail to perform any of the terms contained herein." Section I(F).

95. The EEOC, and the Claimants, will be irreparably harmed if Defendants, or any other person or entity, deplete or dissipate the Settlement Fund.

96. The EEOC will not have an adequate remedy at law if Defendants, or any other person or entity, deplete or dissipate the Settlement Fund.

97. There will be no material harm to Defendants if this Court enjoins Defendants, or any other person or entity, from depleting or dissipating the Settlement Fund until this Court, or the U.S. District Court for the Western District of New York, rules on the merits of the EEOC's position.

98. The public interest, including the interests of the Federal Government in enforcing a valid Consent Decree and the interests of the Claimants who were discriminated against in violation of federal law and are entitled to compensation for that discrimination, favors an injunction enjoining Defendants, or any other person or entity, from depleting or dissipating the Settlement Fund until this Court, or the U.S. District Court for the Western District of New York, rules on the merits of the EEOC's position.

99. Accordingly, the EEOC is seeking preliminary injunctive relief, including the issuance of a temporary restraining order, pursuant to Fed. R. Bankr. P. 7001(7) and Fed R. Civ. P. 65, to preserve the *status quo* until such time as the Court rules on this Complaint.

100. The EEOC also seeks an order enjoining Defendants, or any other person or entity, from accessing, transferring, converting, depleting, or dissipating the Settlement Fund for

any purpose other than the issuance of payments to Claimants in accordance with the Consent Decree.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a preliminary injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, or any other person or entity, from accessing, transferring, converting, depleting, or dissipating the Settlement Fund for any purpose other than the issuance of payments to Claimants in accordance with the Consent Decree until this Court, or the U.S. District Court for the Western District of New York, rules on the merits of the EEOC's position.

B.     Enter an Order declaring that the Settlement Fund is not "property of the estate" and therefore falls outside the bankruptcy proceeding and is not subject to the automatic stay.

C.     Enter an Order declaring that Defendants have no equitable interest in the Settlement Fund and that the Settlement Fund is being held by Defendants solely for the benefit of the Claimants identified by the EEOC pursuant to the Consent Decree.

D.     Enter an Order for the specific performance of Defendants' obligations under the Consent Decree to issue payments to Claimants from the Settlement Fund pursuant to the terms of the Consent Decree.

  E. Grant such further relief as the Court deems necessary and proper in the public interest.

Dated: Central Islip, New York
   March 20, 2020

               RICHARD P. DONOGHUE
               United States Attorney
               Eastern District of New York
               610 Federal Plaza, 5th Fl.
               Central Islip, New York 11722

          By: *s/ Megan J. Freismuth*
             Megan J. Freismuth
             Assistant U.S. Attorney
             (631) 715-7905
             megan.freismuth@usdoj.gov