UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re

                    Chapter 11

Absolut Facilities Management, LLC, *et al*.      Case No. 19-76260-ast et al

                    Debtors.
----------------------------------------------------------X    (Jointly Administered)

Equal Employment Opportunity Commission,

                    Plaintiff,

                  v.                          Adv. Pro. No.: 20-08055-ast

Absolut Facilities Management, LLC,
Absolut Center for Nursing and
Rehabilitation at Allegany, LLC, Absolut
Center for Nursing and Rehabilitation at
Aurora Park, LLC, Absolut Center for
Nursing and Rehabilitation at Gasport, LLC,
Absolut at Orchard Brooke, LLC, Absolut
Center for Nursing and Rehabilitation at
Orchard Park, LLC, Absolut Center for
Nursing and Rehabilitation at Three Rivers,
LLC, and Absolut Center for Nursing and
Rehabilitation at Westfield, LLC,

                    Defendants.
----------------------------------------------------------X

**ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS
TO A MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is the motion (the "Motion to Dismiss") filed by Absolut Facilities Management, LLC ("AFM") and its affiliated debtor entities (collectively, "Debtors" and "Defendants") to dismiss the complaint (the "Complaint") filed by Plaintiff United States Equal Opportunity Employment Commission (the "EEOC" or "Plaintiff"). Defendants seek

dismissal of the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the grounds that the Complaint fails to state a claim upon which relief can be granted. For the reasons stated at a hearing held on May 24, 2022 and as summarized below, the Court has converted the Motion to Dismiss to one for summary judgment.

## Jurisdiction

This court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K) and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective nunc pro tunc as of June 23, 2011.

## Factual Background and Procedural History[1]

*Procedural history*

On September 13, 2018, Plaintiff commenced an action against Defendants under the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.

On September 24, 2018, Plaintiff and Defendants agreed to resolve the litigation by way of a proposed consent decree.

The United States District Court for the Western District of New York approved the consent decree by Order dated October 18, 2018 ("Consent Decree"), which stated *inter alia* "Defendants will pay FOUR HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($425,000) in monetary relief into a settlement fund and provide notice and proof of payment to

---

[1] The factual background and procedural history are taken from the pleadings and exhibits submitted by the parties.

the EEOC." Section VII(A)(1) (the "Settlement Fund").

On September 10, 2019, Defendants filed a voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On March 20, 2010, Plaintiff commenced this adversary proceeding against Defendants by filing the Complaint seeking entry of an Order: (i) declaring that the Settlement Fund, as provided by AFM's insurance carrier, Chubb Insurance, to Defendant AFM in the amount of $425,000 are proceeds for the Settlement Fund and not property of Debtors' bankruptcy estate; (ii) enjoining Debtors, the chapter 11 plan administrator, or any other party or entity from transferring, converting, or dissipating the Settlement Fund; and (iii) ordering Debtors to distribute the Settlement Fund in accordance with the pre-petition Consent Decree. [dkt item 1]

Plaintiff alleges that the Settlement Fund cannot be considered property of the bankruptcy estate because Defendants exercised power over the Settlement Fund solely for the benefit of claimants under the settlement who would be identified by Plaintiff and, thus, Defendants should be treated as an agent of Plaintiff and the trustee of the Settlement Fund.

On April 20, 2020, the Court entered a Stipulated Order between Plaintiff and Defendants, extending Defendants' time to file an answer to June 5, 2020. [dkt item 5]

On June 8, 2020, the Court entered a Stipulated Order between Plaintiff and Defendants, extending Defendants' time to file an answer to June 19, 2020. [dkt item 7]

On July 2, 2020, Defendants filed their Motion to Dismiss. [dkt item 9]

On July 3, 2020, Defendants filed a Memorandum of Law in Support of Motion to Dismiss. [dkt item 10]

On July 15, 2020, the Court entered a Stipulated Order between Plaintiff and Defendants

setting a Briefing Schedule, requiring Plaintiff to file its Objection to Defendants Motion to Dismiss by August 14, 2020 and Defendants to file their Reply in Support of the Motion by September 10, 2020 [dkt item 14] and the Court also entered a Stipulated Order between Plaintiff and Defendants, extending Defendants' time to file an answer through July 3, 2020. [dkt item 15]

On August 14, 2020, Plaintiff filed a memorandum of law in opposition to the Motion to Dismiss (the "Opposition"). [dkt item 16]

On September 10, 2020, Defendants filed a reply memorandum of law in support of their Motion to Dismiss (the "Reply"). [dkt item 18]

On March 24, 2022, Plaintiff provided notice of an adversary proceeding status conference. [dkt item 22]

On May 24, 2022, a Status Conference was held.

## Discussion

### *Legal Standard for the Motion to Dismiss*

This Court has addressed the application of Rule 12(b) and the flexible plausible pleading standard established by the Supreme Court on numerous occasions. *See Devices Liquidation Trust v. Pinebridge Vantage Partners (In re Pers. Commun. Devices, LLC)*, 528 B.R. 229, 233- 34 (Bankr. E.D.N.Y. 2015), discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007); *Moxey v. Pryor (In re Moxey)*, 522 B.R. 428, 437-38 (Bankr. E.D.N.Y. 2014); *In re Ippolito*, 2013 WL 828316, at *3 (Bankr. E.D.N.Y. Mar. 6, 2013); *see also In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011); *In re Jones*, 2011 WL 1549060, at *2-3 (Bankr. E.D.N.Y. Apr. 21, 2011); *In re Coletta*, 391 B.R. 691, 693-94 (Bankr. E.D.N.Y. 2008).

Under the U.S. Supreme Court's *Iqbal*/*Twombly* analysis, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Neither *Iqbal* nor *Twombly* departed from the standard that, in considering a Rule 12(b)(6) motion, a court is to accept as true all factual allegations in the complaint and draw all inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56; *see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). However, as the Supreme Court stated in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, a court need not "accept as true a legal conclusion couched as a factual allegation," and "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (citing FED. R. CIV. P. 8(a)(2)).

In deciding the Motion to Dismiss, this Court must limit its review to facts and allegations contained in the Complaint, documents incorporated into the Complaint by reference or attached as exhibits and matters of which this Court may take judicial notice. *Blue Tree*

*Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *see Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 425 (2d Cir. 2008) (Courts may take judicial notice of court filings to establish that matters have been publicly asserted, but not for the truth of the matters asserted in them); *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings"). The Court may also "consider documents that are integral to the complaint…." *Int'l Tobacco Partners, Ltd.*, 462 B.R. at 385; *see also Watts v. Jackson Hewitt Tax Serv. Inc.*, 579 F. Supp. 2d 334, 344 (E.D.N.Y. 2008) ("A document is integral to the complaint where the complaint relies heavily upon its terms and effects." (internal citations and quotation marks omitted)). Further, this court has the authority to consider "the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." *Holmes v. Air Line Pilots Association*, 745 F. Supp. 2d 176, 198 (E.D.N.Y. 2010) (internal citations omitted). If the documents contradict the allegations of the Complaint, the documents themselves control and the Court does not need to accept as true any contradictory allegations concerning those documents. *Id.*

### *Conversion of the Motion to Dismiss to a Motion for Summary Judgment*

Defendants assert the Complaint fails to state a claim for relief because (1) no trust was created since the Consent Decree did not purport to create an express trust and did not operate to create a constructive trust under New York law; (2) Defendants cannot be an agent of Plaintiff since the Consent Decree did not include a provision providing that the Settlement Fund is property of anyone other than the Defendants and so Plaintiff cannot be viewed as principal of the Settlement Fund ; and (3) that both causes of action seeking positive injunctive relief directing Defendants to distribute the Settlement Fund in

accordance with Plaintiff's instructions failed to plead the required elements for injunctive relief.

Plaintiff argues, however, that (1) Defendants should be estopped from arguing that the Settlement Fund is property of the bankruptcy estate because they never disclosed the funds or account as an asset in the bankruptcy case; (2) since the Settlement Fund is compromised solely of insurance proceeds, paid out by the insurance company as a result of the settlement, the Disputed Funds are thus held in an express or constructive trust and; (3) Defendants can only exercise limited power as an agent-trustee because, pursuant to the Consent Decree, the proceeds must be paid solely for the benefit of the claimants under the settlement and any remaining payments are to be donated to a charity of Plaintiff's choosing. Additionally, Plaintiff asserts that it is entitled to conduct discovery regarding the relevant insurance policy and the facts and circumstances regarding Defendants' insurance claim.

For the Court to consider these fact-based assertions regarding the Settlement Fund, the Court will convert the Motion to Dismiss to a motion for summary judgment and afford all parties a reasonable opportunity to present material pertinent to the motion. *See* FED. R. CIV. P. 12(d); FED. R. BANKR. P. 7012(b) *Cole v. Bourke*, 2016 U.S. Dist. LEXIS 16517, at *9-10 (E.D.N.Y. Jan. 27, 2016); ("[t]he essential inquiry in determining whether it is appropriate to convert a motion to dismiss into a motion for summary judgment is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.") (internal citations and quotations omitted); *In re Gadsden*, 128 B.R. 45, 48 (Bankr. E.D.N.Y. 1991) (bankruptcy court may treat a motion to dismiss as a motion for summary judgment if it gives both parties notice and a reasonable opportunity to

submit affidavits and extraneous evidence so as to avoid taking a party by surprise).

Further, it appears to the Court that while these issues may not be resolved on a Rule 7012 motion, they may be susceptible of determination under Rule 7056.

Thus, in accordance with Rule 7001, 7012 and 7056, the Court will convert the Motion to Dismiss to one for summary judgment and afford the parties with a reasonable opportunity to submit affidavits and additional materials.

Based on the foregoing, it is hereby ordered

**ORDERED**, that the Motion to Dismiss is hereby converted to a motion for summary judgment; and it is further

**ORDERED**, that the parties shall comply with the following deadlines: the parties shall file a joint statement of material facts pursuant to Bankruptcy Rule 7056 and Local Bankruptcy Rule 7056-1 on or before **June 20, 2022**; Defendants may file a statement of additional facts on or before **June 30, 2022**; Plaintiff may file a response to the Defendants' additional statement on or before **July 8, 2022**, and it is further

**ORDERED,** that Plaintiff may cross move for full or partial summary judgment on or before **June 20, 2022,** in which case Defendants may file a supplemental brief in opposition on or before **July 15, 2022,** and it is further

**ORDERED**, that a pre-trial conference shall be held on **July 26, 2022 at 2:00 p.m.**



Dated: May 31, 2022
Central Islip, New York

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**