

U.S. Department of Justice

United States Attorney
Eastern District of New York

*610 Federal Plaza*
*Central Islip, New York 11722*

September 9, 2022

By ECF

Honorable Alan Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza, Courtroom 960
Central Islip, New York 11722

>Re: *Equal Employment Opportunity Commission v. Absolut Facilities Management LLC, et al.*, Adversary Proceeding No. 20-8055-ast

Dear Judge Trust:

This Office represents Plaintiff Equal Opportunity Employment Commission ("EEOC") in the above Adversary Proceeding. EEOC respectfully submits this letter pursuant to Fed. R. Bankr. P. 7037 and Local Bankr. R. 7007-1, to respectfully request a conference in connection with EEOC's anticipated motion to compel certain discovery from Defendants. Alternatively, to the extent the Court determines a conference not to be necessary, EEOC respectfully requests that the Court deem this letter as EEOC's motion to compel. Specifically, EEOC seeks an order compelling Defendants to produce the documents requested by EEOC on June 17, 2022 (the "Requests"), pursuant to Fed. R. Civ. P. 34 (*see* Ex. A), to wit, information concerning the creation of the Settlement Account (as defined in the Complaint and Requests). Defendants object to the discovery of any otherwise discoverable information on two grounds:—(1) that the information sought in the Requests is "not relevant;" and (2) that Defendants do not "control" the two entities, Avante Care Management, LLC ("Avante") and Billit Accounting & Information Technology LLC ("Billit"), that Defendants claim possess documents responsive to EEOC's Requests (*see* Ex. B). EEOC assumes the Court's familiarity with the facts as set forth in the Complaint. *See* Dkt. No. 1.

### A. Relevant Background of the Dispute and EEOC's Good-Faith Efforts to Obtain Defendants' Compliance

EEOC has conferred with Defendants in an effort to obtain the discovery at issue without court action, pursuant to Fed. R. Bankr. P. 7037 and Local Bankr. R. 7007-1. Counsel for the parties conferred on July 8, August 4, and August 15, 2022 concerning EEOC's Requests. During the July 8 conference, Defendants' counsel insisted that EEOC should look to Avante and Billit, who were or are agents of the Defendants, rather than require Defendants to respond to the Requests. Despite the fact that Defendants indisputably have an obligation to conduct a search of

their records and respond to the Requests in compliance with Rule 34, following the parties' July 8 meet-and-confer, EEOC, in a good faith attempt to avoid motion practice against Defendants, attempted service of document subpoenas on Avante and Billit. On July 15, 2022, service of the subpoena was made on Avante at 255 Warner Avenue, Roslyn Heights, New York, the address listed on the NY Department of State website, by personally delivering the subpoena to and leaving it with Niehula Gauging, Managing Agent. On July 18, 2022, service of the subpoena on Billit was attempted at 300 Gleed Avenue, East Aurora, New York, the address listed on the New York Department of State website. However, this is the address for the former Absolut Center for Nursing and Rehabilitation at Orchard Park (a debtor and defendant in this adversary proceeding) facility, and no one at the current facility at that location was aware of the entity Billit, and service could not be effected.

On July 22, 2022, in a further good faith attempt to avoid motion practice against Defendants, the undersigned contacted an attorney whom Defendants' counsel represented was affiliated with Billit to request assistance in serving the subpoena. The attorney advised he would look into the request and reply to the undersigned, but as of the date of this application, has failed to reply or to respond further to the undersigned's attempts to communicate. Also, as of the date of this writing, Avante has failed to comply with EEOC's subpoena, despite efforts to contact the person who accepted service. On August 4 and August 15, 2022, the undersigned advised Defendants' counsel of these failed attempts and the lack of cooperation to obtain the requested documents from entities that are clearly Defendants' agents, but Defendants continue to refuse to produce a single document, arguing that responsive documents are not physically in the "custody of the debtor's sole officers/employees". Accordingly, despite its good faith efforts to avoid motion practice, EEOC is compelled to seek judicial intervention in this matter.

**B. Defendants Have Failed to Make Required Disclosures Despite EEOC's Good-Faith Attempts to Secure their Compliance**

Under the Federal Rules, a party to a litigation is entitled to discovery that is "relevant to any party's claim or defense" and that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7026). Rule 26 further provides "[i]nformation within this scope of discovery *need not be admissible* in evidence to be discoverable." *See id*. (emphasis added). Rule 34, made applicable to adversary proceedings by Fed. R. Bankr. P. 7034, provides that a "party may serve on any other party a request within the scope of Rule 26(b) [] to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's *possession, custody, or control*." Fed. R. Civ. P. 34(a)(1) (emphasis added).

At issue in this adversary proceeding is whether the Settlement Funds must be distributed in accordance with the Consent Decree as EEOC contends, or whether the Settlement Funds are part of the bankruptcy estate as Defendants contend. *See* Complaint, Dkt. No. 1; Defendants' Motion to Dismiss, Dkt. No. 10. Documents reflecting why the Settlement Account was created in the manner it was, as well as what Defendants understood about the Settlement Account and

their role in holding the Settlement Funds, are relevant and proportional to EEOC's claims. Moreover, Defendants at no time have suggested that any of the discovery EEOC seeks may be shielded by privilege. EEOC's requests are extremely limited and narrowly tailored to just these issues. Yet Defendants continue to refuse to produce any documents on baseless grounds.

Defendants' first objection to production of documents on the grounds that any such documents are "parol evidence," *see* Ex. B, is meritless. As an initial matter, EEOC disagrees that the information sought is parol evidence. However, whether it is or not is not properly before the Court at this time. Rather, by the explicit terms of Rule 26, information that is relevant need not be admissible to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). Furthermore, whether the information sought is considered parol evidence is not a valid objection to discovery and Defendants will have the opportunity to make any arguments about the admissibility of any such evidence in opposition to EEOC's motion for summary judgment, should EEOC attempt to rely on the evidence in support of its motion. However, EEOC cannot make a determination about whether it would even seek to support its motion with the documents requested because it has not seen them yet. Certainly, the rules of discovery—not to mention basic fairness—provide that the EEOC is entitled to review and consider the documents before making its motion for summary judgment.

Defendants next object to production of documents on the grounds that the entities Avante and Billit are allegedly in possession of relevant documents, and not Defendants, is equally meritless. Avante and Billit are Defendants' agents, if not their alter egos, and Defendants must certainly have the ability to obtain records from their agents' physical possession. *See, e.g.*, *In re Teligent, Inc.*, 358 B.R. 45, 60 (S.D.N.Y. 2006) ("If a party has the legal right or practical ability to obtain documents from a non-party, he has 'control' of those documents within the meaning of Rule 34.") (collecting cases regarding related party and non-party entities).

When determining whether a party has the right, authority, or practical ability to obtain documents from nonparties, a court may consider

> 1) the corporate structure of the party/non-party, (2) the non-party's connection to the transaction at issue in the litigation, (3) the degree that the non-party will benefit from the outcome of the case; (4) whether the related entities exchange documents in the ordinary course of business; (5) whether the nonparty has participated in the litigation; (6) common relationships between a party and its related nonparty entity; (7) the ownership of the non-party; (8) the overlap of directors, officers, and employees; (9) the financial relationship between the entities; (10) the relationship of the parent corporation to the underlying litigation; and (11) agreements among the entities that may reflect the parties' legal rights or authority to obtain certain documents.

*See Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 759 (E.D. Va. 2014) ("It is well established that a district court may order the production of documents in the possession of a related nonparty entity under Rule 34(a) if those documents are under the custody or control of a party to the litigation.")

3

Here, Avante has the same address as that of Defendant and debtor Absolut Facilities Management, LLC. *Cf.* Department of State, Division of Corporations, dos.ny.gov, https://apps.dos.ny.gov/publicInquiry/EntityDisplay (255 Warner Avenue, Roslyn Heights, New York) and Chapter 11 Petition, No. 8-19-76260-ast, Dkt. No. 1 (255 Warner Avenue, Roslyn Heights, New York). Likewise, Billit has the same address as Defendant Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC. *Cf. id.*, https://apps.dos.ny.gov/publicInquiry/EntityDisplay (Billit) (300 Gleed Avenue, East Aurora, New York) and https://apps.dos.ny.gov/publicInquiry/EntityDisplay (Absolut at Orchard Brooke) https://apps.dos.ny.gov/publicInquiry/EntityDisplay (300 Gleed Avenue, East Aurora, New York). Notably, Defendants' counsel has represented in the course of this discovery dispute that Avante and Billit are "Israel Sherman entities".[1] Israel Sherman also owns/ed 100% interest in Absolut Facilities Managements, LLC. *See* Chapter 11 Petition, No. 8-19-76260-ast, Dkt. No. 1. Furthermore, an email between counsel for EEOC and defendants in the underlying EEOC Action reflects that a person involved in the resolution of that matter on behalf of the Absolut defendants[2] had a billit.com email address. Therefore, it is inconceivable that the Absolut Defendants in this matter are not in "custody, possession, or control" of relevant documents allegedly in the physical possession of Avante and Billit.

Because Defendants have access to and can readily obtain documents purportedly in the physical custody of Avante and Billit, and because Defendants indisputably have an obligation to conduct a search of its records and produce any records responsive to EEOC's Requests, EEOC respectfully requests an order compelling Defendants to comply with the June 17 Requests (Ex. A) within 10 days of the date of any such order.[3]

---

[1] Further description of Billit's relationship to Absolut and/or Israel Sherman is included in the Second Amended Disclosure Statement filed in the bankruptcy matter; specifically that debtors contracted Billit to collect the Healthcare Receivables of the Absolut facilities and it is 100% owned by Israel Sherman. *See* No. 8-19-76260-ast, Dkt. No. 517, at 9.

[2] All of the Absolut Defendants in this adversary proceeding were defendants in the EEOC Action.

[3] Currently, EEOC's R. 7056 statement of facts and motion for summary judgment is due October 14, 2022. EEOC has been compelled to request adjournments of this date twice as a result of Defendants' refusal to provide responses to the Requests, and likely will need to do so again depending on the timing of the resolution of this application and Defendants' compliance with any resulting order.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/ Megan J. Freismuth
     Megan J. Freismuth
     Assistant U.S. Attorney
     631-715-7905
     Megan.freismuth@usdoj.gov

cc:    All Counsel of Record

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing Letter Requesting a Discovery Conference or in the alternative, Motion to Compel was served on this 9th day of September 2022 via the USBC-EDNY's CM/ECF system on those parties registered to receive notice in this case.

      s/ MEGAN J. FREISMUTH
      MEGAN J. FREISMUTH
      Assistant United States Attorney