UNITED STATES BANKRUPTCY COURT
EASTERN DISTRCT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 19-76260 (AST)<br>Case No. 19-76263 (AST)<br>Case No. 19-76267 (AST)<br>Case No. 19-76268 (AST)<br>Case No. 19-76269 (AST)<br>Case No. 19-76270 (AST)<br>Case No. 19-76271 (AST)<br>Case No. 19-76272 (AST)<br>(Jointly Administered) |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ALLEGANY, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT AURORA PARK, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT GASPORT, LLC, ABSOLUT AT ORCHARD BROOKE, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ORCHARD PARK, LLC ABSOLUT CENTER FOR NURSING AND REHABILITATION AT THREE RIVERS, LLC and ABSOLUT CENTER FOR NURSING AND REHABILITATION AT WESTFIELD, LLC,<br><br>Defendants. | Adversary Proceeding<br>No. 20-08055-ast |

## PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS

PLEASE TAKE NOTICE that Plaintiff, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("Plaintiff"), by and through its attorney, BREON PEACE, United States

1

Attorney for the Eastern District of New York, Megan J. Freismuth, Assistant United States Attorney, of counsel, hereby submits to Defendant the following set of Document Requests, to be answered separately and fully in writing, under oath, within thirty (30) days after service, in accordance with the procedures and definitions set forth below and as specified in the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Bankruptcy Rules for the Eastern District of New York (the "Local Bankruptcy Rules") and the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), to the Office of the United States Attorney for the Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722, Attn: Megan J. Freismuth, Assistant U.S. Attorney.

## DEFINITIONS AND INSTRUCTIONS

A. The Plaintiff incorporates by reference the Uniform Definitions in these Discovery Requests set forth in Local Civil Rule 26.3 of the Local Civil Rules made applicable by Local Bankruptcy Rules 2004-1 and 7026-1.

B. The full text of the Document Request should be set forth immediately preceding Defendants' response thereto.

C. Information and documents are deemed to be in Defendants' possession, custody or control if they are in Defendants' physical custody and/or, regardless of whether the information or documents are currently in Defendants' physical custody, if they are in the physical custody of any other person and Defendants (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, expressed or implied, that he/she may use, inspect, examine or copy said document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or

copy such document when he/she sought to do so. Such documents shall include, without limitation, documents that are in the custody of Defendants' attorney(s) or other agents.

D. If the Document Requests call for any information or document(s) that has/have been lost, destroyed or discarded, furnish an inventory of the missing documents and provide the following information: the type of document; the general subject matter of the document; the date of the document; the title and author of the document; the names of any persons who participated in the preparation of the document; the names of the addressee and any other recipient of the document; the relationship between the author and the addressee; the number of pages the document contained; the date that the document was lost, destroyed or otherwise discarded; and the names of the persons authorizing, participating in or with knowledge of such loss, destruction or discard.

E. Unless otherwise indicated, the responses should include all information known up to the date of the verification of these discovery demands. All of these requests are deemed to be continuing so as to require further and supplemental responses as you receive or identify additional information at any point. Pursuant to Fed. R. Civ. P. 26(e)(1)(A), such supplementary responses are to be served upon the undersigned counsel for Defendant within a timely manner upon learning of the additional information.

F. Where a claim of privilege is asserted, the attorney asserting the privilege shall provide the information required by Rule 7034-1 of the Local Bankruptcy Rules.

G. As used in the following Document Requests, the term Plaintiff shall be construed to refer Plaintiff Equal Employment Opportunity Commission.

H. As used in the following Document Requests, the term "documents" refers to all documents, electronically stored information and tangible items as defined by Federal Rule of

Civil Procedure 34(a)(1)(A)-(B), in original, duplicate and draft form, and shall include without limitation all pictures, notes, memoranda, letters, reports, publications, contracts, business records, recordings, transcriptions of recordings (including, but not limited to audio, video, and data recordings), computer records, presentations, spreadsheets, websites, social media sites, and electronic messages (including, but not limited to emails, text messages, social media posts or comments and blogs) with associated metadata.

I.    As used in the following Document Requests, "Absolut" means Absolut Facilities Management, LLC; Absolut Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut Center for Nursing and Rehabilitation at Gasport, LLC; Absolut at Orchard Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC; and Absolut Center for Nursing and Rehabilitation at Westfield, LLC and; any of their Affiliates, as well as all directors, officers, partners, employees, consultants, agents, representatives, attorneys or other persons acting on behalf of the foregoing.

J.    As used in the following Document Requests, "Chubb" means Chubb insurance company and any of its Affiliates, as well as all directors, officers, partners, employees, consultants, agents, representatives, attorneys or other persons acting on behalf of the foregoing.

K.    As used in the following Document Requests, "Affiliate" means any entity controlled, directly or indirectly by any company or other business identified in this Subpoena; or a direct or indirect parent or subsidiary of any such company; or a branch or division of any such company; or an entity in which any such company or any such company's direct or indirect parent or subsidiary owns more than 5% of any such company's capital stock; or an entity that either

directly or indirectly through one or more intermediaries controls, is controlled by, or is under common control with any such company.

L.   As used in the following Document Requests, the "Settlement Funds" means the $425,000 paid by Chubb to Absolut for claim number 0363972-00022 for settlement of the EEOC Action.

M.   As used in the following Document Requests, "Claim" means the insurance claim submitted by Absolut to its insurance carrier with respect to the EEOC Action and/or insurance claim number 0363972-00022.

N.   As used in the following Document Requests, the "EEOC Action" means *Equal Employment Opportunity Commission v. Absolut Facilities Management, LLC, et al.*, Case No. 1:18-cv-01020 (W.D.N.Y.).

O.   As used in the following Document Requests, the "Settlement Account" means M&T bank account number -7673 into which the Settlement Funds were deposited.

## DOCUMENTS REQUESTS

1. A copy of the Claim, and any corresponding or attached documents, submitted by Absolut to its insurance carrier.

2. Any communications between any employee, agent, officer or representative of Chubb and any employee, agent, officer or representative of Absolut concerning i) the Claim; ii) the Settlement Funds and; iii) creation of the Settlement Account.

3. Any communications between employees, agents, officers or representative of Absolut concerning i) the Claim; ii) the Settlement Funds; and iii) creation of the Settlement Account.

4. Any communications between Absolut and any employee, agent, or representative of the EEOC concerning i) the Claim; ii) the Settlement Funds and; iii) creation of the Settlement Account.

5. Documents reflecting payment of the Settlement Funds.

6. Any documents, including communications between employees, agents, officers or representatives of Absolut, concerning the decision to name the Settlement Account "Settlement Funds Escrow Account".

7. Any documents, including communications between employees, agents, officers or representatives of Absolut, concerning the decision to change the Settlement Account into an account that incurs a monthly fee.

8. Any communications between employees, agents, officers or representatives of Absolut

and employees, agents, officers or representatives of M&T Bank concerning the Settlement Account.

Dated: Central Islip, New York
      June 17, 2022

|     |     |
| --- | --- |
|     | BREON PEACE<br>Acting United States Attorney<br>Eastern District of New York<br>610 Federal Plaza<br>Central Islip, New York 11722<br>Attorney for Defendant |
| By: | <u>Megan J. Freismuth</u><br>Megan J. Freismuth<br>Assistant United States Attorney<br>(631) 715-7905<br>megan.freismuth@usdoj.gov |

To:    Via Email: jchubak@aminillc.com
         Jeffrey Chubak, Esq.
         Counsel for Defendants