**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-76260-ast |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ALLEGANY, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT AURORA PARK, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT GASPORT, LLC, ABSOLUT AT ORCHARD BROOKE, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ORCHARD PARK, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT THREE RIVERS, LLC, and ABSOLUT CENTER FOR NURSING AND REHABILITATION AT WESTFIELD, LLC,<br><br>Defendants. | Adv. Proc. No. 20-08055-ast<br><br>**RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** |

## OBJECTION TO DEFINITIONS

Defendants object to the definition (at ¶I) of "Absolut" insofar as it includes "Affiliates," a term whose definition (at ¶K) could be construed to include affiliates of Defendants' former CEO Israel Sherman, over which Defendants (managed by the Plan Administrator and Responsible Officer, under Defendants' chapter 11 plan) do not exercise control, such as Avante Care Management LLC and Billit Accounting & Information Technology LLC. In responding to these requests, Defendants will construe the term "Absolut" as referring to Defendants and their post-confirmation officers and employees, agents, representatives and attorneys.

# SPECIFIC OBJECTIONS

Request #1

>A copy of the Claim, and any corresponding or attached documents, submitted by Absolut to its insurance carrier.

Response

Defendants object to this request on the ground that it seeks documents that are not relevant to any party's claim or defense. The consent decree is fully integrated and Plaintiff has not identified any ambiguity therein. Parol evidence is therefore irrelevant. *E.g. Cement and Concrete Workers Dis. Council Pension Fund v. Ulico Cas. Co.*, 387 F. Supp. 2d 175, 183 (E.D.N.Y. 2005), *aff'd*, 199 Fed. App'x 29 (2d Cir. 2006) (quoting *Alfin, Inc. v. Pacific Ins. Co.*, 735 F. Supp. 115, 120 (S.D.N.Y. 1990)) (a defendant's "subjective views … never communicated to [litigation adversary] until … litigation cannot establish the parties' intent … Thus, even if the [agreement] were ambiguous much of the information that the plaintiffs likely would have discovered would have been irrelevant to the court's analysis"); *Tom Doherty Assocs. Inc. v. Saban Ent. Inc.*, 869 F. Supp. 1130, 1137, 1139 (S.D.N.Y. 1994) (the "unexpressed subjective intent of one party" is "irrelevant to contract interpretation"). Defendants further object on the ground that this request is not proportional to the needs of this case, considering the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit, for two reasons. First, Plaintiff previously served a document subpoena on Chubb requesting this same information, and Chubb appears to have produced documents in response. Despite request Plaintiff has not advised if the documents sought by this request were included in Chubb's production. Second, responsive documents would be in custody of Avante Care Management LLC (not Defendants) which together with Billit Accounting & Information Technology LLC managed Defendants prior to the RCS transaction. Defendants are not producing documents in response to this request.

Request #2

>Any communications between any employee, agent, officer or representative of Chubb and any employee, agent, officer or representative of Absolut concerning i) the Claim; ii) the Settlement Funds; and iii) creation of the Settlement Account.

Response

Defendants object to this request on the ground that it seeks documents that are not relevant to any party's claim or defense. The consent decree is fully integrated and Plaintiff has not identified any ambiguity therein. Parol evidence is therefore irrelevant. *E.g. Cement and Concrete Workers*, 387 F. Supp. 2d at 183; *Tom Doherty*, 869 F. Supp. at 1137, 1139 (each quoted above). Defendants further object on the ground that this request is not proportional to the needs of this case, considering the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit, for two reasons. First, Plaintiff previously served a document subpoena on Chubb requesting this same information, and Chubb appears to have produced documents in response. Despite request Plaintiff has not advised if the documents sought by this request were included in Chubb's production. Second, responsive documents would

be in custody of Avante Care Management LLC (not Defendants) which together with Billit Accounting & Information Technology LLC managed Defendants prior to the RCS transaction. Defendants are not producing documents in response to this request.

Request #3

> Any communications between employees, agents, officers or representatives of Absolut concerning i) the Claim; ii) the Settlement Funds; and iii) creation of the Settlement Account.

Response

Defendants object to this request on the ground that it seeks documents that are not relevant to any party's claim or defense. The consent decree is fully integrated and Plaintiff has not identified any ambiguity therein. Parol evidence is therefore irrelevant. *E.g. Cement and Concrete Workers*, 387 F. Supp. 2d at 183; *Tom Doherty*, 869 F. Supp. at 1137, 1139 (each quoted above). This request is also not proportional to the needs of the case, considering the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit, because responsive documents would be in custody of Avante Care Management LLC (not Defendants) which together with Billit Accounting & Information Technology LLC managed Defendants prior to the RCS transaction. Defendants are not producing documents in response to this request.

Request #4

> Any communications between Absolut and any employee, agent or representative of Absolut concerning i) the Claim; ii) the Settlement Funds; and iii) creation of the Settlement Account.

Response

Defendants object to this request on the ground that it seeks documents that are not relevant to any party's claim or defense. The consent decree is fully integrated and Plaintiff has not identified any ambiguity therein. Parol evidence is therefore irrelevant. *E.g. Cement and Concrete Workers*, 387 F. Supp. 2d at 183; *Tom Doherty*, 869 F. Supp. at 1137, 1139 (each quoted above). This request is also not proportional to the needs of the case, considering the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit, because responsive documents would be in custody of Avante Care Management LLC (not Defendants) which together with Billit Accounting & Information Technology LLC managed Defendants prior to the RCS transaction. Defendants are not producing documents in response to this request.

Request #5

> Documents reflecting payment of the Settlement Funds.

Response

Defendants object to this request on the ground that it is not proportional to the needs of the case, considering the parties' relative access to relevant information, it being the case that Dkt. 1-2 includes a deposit slip reflecting that the Settlement Funds were deposited into the Settlement Account. Defendants are not producing documents in response to this request.

Request #6

> Any documents, including communications between employees, agents, officers or representatives of Absolut, concerning the decision to name the Settlement Account "Settlement Funds Escrow Account"

Response

Defendants object to this request on the ground that it seeks documents that are not relevant to any party's claim or defense. The consent decree is fully integrated and Plaintiff has not identified any ambiguity therein. Parol evidence is therefore irrelevant. *E.g. Cement and Concrete Workers*, 387 F. Supp. 2d at 183; *Tom Doherty*, 869 F. Supp. at 1137, 1139 (each quoted above). This request is also not proportional to the needs of the case, considering the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit, because responsive documents would be in custody of Avante Care Management LLC (not Defendants) which together with Billit Accounting & Information Technology LLC managed Defendants prior to the RCS transaction. Defendants are not producing documents in response to this request.

Request #7

> Any documents, including communications between employees, agents, officers or representatives of Absolut, concerning the decision to change the Settlement Account into an account that incurs a monthly fee.

Response

Defendants object to this request on the ground that it is based on the false premise that the Settlement Account was changed to one that incurs a monthly fee. (See Response to Request #5.) Defendants also object on the ground that this request seeks documents that are not relevant to any party's claim or defense, in that incurrence of a monthly fee is not the basis for Plaintiff's claims, nor even mentioned in the complaint. This request is also not proportional to the needs of the case, considering the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit, because responsive documents would be in custody of Avante Care Management LLC (not Defendants) which together with Billit Accounting & Information Technology LLC managed Defendants prior to the RCS transaction. Defendants are not producing documents in response to this request.

Request #8

    Any communications between employees, agents, officers or representatives of Absolut and employees, agents, officers or representatives of M&T Bank concerning the Settlement Account.

Response

Defendants object to this request on the ground that it seeks documents that are not relevant to any party's claim or defense. The consent decree is fully integrated and Plaintiff has not identified any ambiguity therein. Parol evidence is therefore irrelevant. *E.g. Cement and Concrete Workers*, 387 F. Supp. 2d at 183; *Tom Doherty*, 869 F. Supp. at 1137, 1139 (each quoted above). This request is also not proportional to the needs of the case, considering the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit, because responsive documents would be in custody of Avante Care Management LLC (not Defendants) which together with Billit Accounting & Information Technology LLC managed Defendants prior to the RCS transaction. Defendants are not producing documents in response to this request.

| | |
|---|---|
| Dated: New York, New York<br>       July 5, 2022 | AMINI LLC<br><br>/s/ Jeffrey Chubak<br>Avery Samet<br>Jeffrey Chubak<br>131 West 35th Street, 12th Floor<br>New York, New York 10001<br>(212) 490-4700<br>asamet@aminillc.com<br>jchubak@aminillc.com<br>Attorneys for Defendants |