**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

October 11, 2022

<u>By ECF</u>

Honorable Alan Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza, Courtroom 960
Central Islip, New York 11722

      Re:    *Equal Employment Opportunity Commission v. Absolut Facilities Management LLC, et al.*, Adversary Proceeding No. 20-8055-ast

Dear Judge Trust:

      The undersigned represent the parties in the above-referenced Adversary Proceeding. The parties respectfully submit this letter pursuant to the Court's September 28, 2022 directive to submit a joint letter outlining the discovery dispute by October 11, 2022. By way of a brief background, the issue in this adversary proceeding is whether Settlement Funds (*i.e.*, the $425,000 settlement between the Equal Employment Opportunity Commission and Defendants pursuant court-ordered Consent Decree in *EEOC v. Absolut Facilities Management, LLC, et al.*, 18-cv-01020 (W.D.N.Y.)) must be distributed in accordance with the Consent Decree as EEOC submits, or whether the Settlement Funds are part of the bankruptcy estate as Defendants contend. *See* Complaint, Dkt. # 1; Defendants' Motion to Dismiss, Dkt. # 10.

      As described at length in Plaintiff EEOC's September 9, 2022 letter requesting a discovery conference pursuant to Local Rule 7007-1 (Dkt. # 26), Defendants had not, as of that date, produced any documents pursuant to EEOC's documents demands served on June 17, 2022. EEOC seeks limited documents reflecting why the Settlement Account (*i.e.*, the bank account into which Defendants deposited the $425,000 settlement funds) was created in the manner it was, as well as what Defendants understood about the Settlement Account and their role in holding the Settlement Funds, as well as documents reflecting why it appears the Settlement Account was changed to one that started accruing fees sometime during the pendency of the bankruptcy action. Following EEOC's submission of its September 9, 2022 letter, Defendants advised that they reached out to Avante Care Management, LLC ("Avante"), the entity Defendants allege is in possession, custody, or control of the documents EEOC requested, to ask that it comply with the subpoena served by EEOC requesting substantially similar documents to those requested from Defendants. As of the date of this letter, Avante has not produced any documents; however, Defendants have advised that Avante represented that it will fully comply with the subpoena by October 19, 2022.

Meanwhile, EEOC's position remains that Defendants are obligated to produce documents responsive to the original document requests served on June 17, 2022 because (1) such documents are in the Defendants' "possession, custody, or control" regardless of which entity is in physical possession of the documents (*see* Fed. R. Civ. P. 34(a)(1); *In re Teligent, Inc.*, 358 B.R. 45, 60 (S.D.N.Y. 2006) ("If a party has the legal right or practical ability to obtain documents from a non-party, he has 'control' of those documents within the meaning of Rule 34.") (collecting cases regarding related party and non-party entities)); and (2) the requested documents are discoverable whether or not they are admissible, but regardless, do not constitute parol evidence as Defendants contend (*see* Fed. R. Civ. P. 26(b)(1))Accordingly, while EEOC will review documents produced by Avante pursuant to the subpoena and determine if they are sufficient, the Court should still order Defendants to comply with their own discovery obligations in the event Avante's production is not, or does not appear to be, complete. However, in an effort to minimize unnecessary work and Court filings at this time, EEOC respectfully reserves its right to file its proposed discovery order currently due on October 11, 2022 until a date after it has reviewed Avante's production but before the November 8, 2022 conference should it deem the production insufficient.

Defendants' position is that no order compelling production should be entered because (1) the requested documents are not in the possession, custody or control of Defendants, and so no documents would be produced even in response to an order compelling production by them, and Avante is not an "affiliate" of Defendants (as defined in 11 U.S.C. § 101(2)) or otherwise controlled by them; and (2) Avante has represented to Defendants that it will fully comply with the subpoena the EEOC served on it requesting the same documents, by October 19th. Further, as to the above-described discovery topics, Defendants do not believe the Settlement Account was ever changed: the deposit slip attached to the complaint (Dkt. #1-2) shows that the $425,000 check was deposited into the account where the funds have sat for the duration of this litigation (M&T Bank, Account No. ending -7673), as reflected in bank statements furnished to the EEOC; and the remaining topics are outside the scope of discovery given the merger clause in the Consent Decree (included in Dkt. #1-1), at § I.A.4 in any event. Rather than entering a discovery order, Defendants propose that the parties instead simply notify the Court after Avante has complied, by letter or withdrawal of Dkt. #26. EEOC agrees to notify the Court by letter and/or withdraw its letter requesting a discovery conference (Dkt. #26) if it deems Avante's production sufficient.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York
*Attorney for Plaintiff*

By:   /s/ Megan J. Freismuth
     Megan J. Freismuth
     Assistant U.S. Attorney
     631-715-7905
     Megan.freismuth@usdoj.gov

AMINI LLC
*Attorney for the Defendants*

By:   /s/ Jeffrey Chubak
     Jeffrey Chubak
     212-497-8247
     jchubak@aminillc.com