

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

December 12, 2022

<u>By ECF</u>

Honorable Alan Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza, Courtroom 960
Central Islip, New York 11722

        Re:    *Equal Employment Opportunity Commission v. Absolut Facilities*
                *Management LLC, et al.*, Adversary Proceeding No. 20-8055-ast

Dear Judge Trust:

        This Office represents Plaintiff Equal Opportunity Employment Commission ("EEOC") in the above Adversary Proceeding. On November 21, 2022, the Court granted EEOC's motion to compel Defendants to produce the documents requested in EEOC's June 17, 2022 discovery demands by November 28, 2022. Dkt. No. 32. On November 29, 2022, EEOC advised the Court that Defendants had failed to comply with the Court's November 21, 2022 Order. *See* Dkt. No. 24. On December 9, 2022, Defendants filed a letter in which they, again, failed to Comply with the Court's November 21, 2022 order. Additionally, third party Avante Care Management, LLC ("Avante"), while it has produced a handful of documents, has not fully complied with the Government's July 2022 subpoena. As discussed further below, EEOC now respectfully requests that (1) the Court issue an Order to Show Cause as to why Defendants and Avante should not be subject to sanctions, including contempt of court, for their failure to fully comply with the Court's November 21, 2022 order and/or third party subpoena; (2) that Defendants and Avante be ordered to fully comply with the Court's November 21, 2022 Order and/or third party subpoena by a date certain; and (3) that EEOC's deadline to file its cross-motion for summary judgment be extended until forty-five days after Defendants and Avante fully comply with the Court's order and/or third party subpoena.

        In their letter, Defendants acknowledge that Avante has identified thousands of documents potentially responsive to search terms provided by EEOC, but neither Defendants nor Avante have produced any of those documents. *See* Dkt. No. 36 at 1 n.1. And while Defendants' counsel state, without support, that they "believe it unlikely" the documents retrieved "would yield relevant information," *id.*, Avante has not informed EEOC that no further responsive documents exist. Indeed, as Defendants note, the search for documents using the search terms provided by the undersigned in an attempt to expedite the process yielded approximately 92,000 documents. On November 30, 2022, the undersigned and counsel for Avante met and conferred about these results

and pursuant to that conferral, Avante's counsel agreed to provide EEOC with the number of results for each search term so that the undersigned could assist with further narrowing the universe of potentially responsive documents and ease any burden of production. Unfortunately, Avante's counsel has not communicated with the undersigned since the November 30, 2022 conferral despite EEOC's good faith attempts to follow up on December 6 and December 9, 2022.

Accordingly, given Defendants' and Avante's representations, additional responsive documents may exist that have not yet been produced to the EEOC. Defendants' belief that there would not be any responsive documents within the 92,000 documents retrieved is baseless, completely speculative, and an improper objection to what remains an outstanding demand for documents. Although Defendants note that the insurance carrier first became involved in the underlying EEOC lawsuit in 2015, the documents requested in both the subpoena and document demands relate to communications and actions from the time the consent decree was being negotiated and the creation of the Settlement Fund three years later, in or around November 2018, as well as actions taken after this bankruptcy action was filed in 2019. Thus, far from satisfying their discovery obligations, Defendants' response merely serves to underscore Defendants' failure to undertake any reasonable effort to collect and produce responsive documents. Moreover, Defendants' response implicitly admits that Defendants continue to violate, and have no intention of complying with, the Court's November 21, 2022 Order. *See* Dkt. No. 36 at 1 ("Defendants have not produced documents in response to the requests, because the documents are in custody of Avante . . . .").

EEOC is entitled to conduct discovery prior to making a motion for summary judgment. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."); Fed. R. Bankr. P. 7026. *See, e.g.*, *In re Almatis B.V.*, No. 10-12308, 2010 WL 4877868, at *4 (S.D.N.Y. Nov. 24, 2010) (noting that Rule 26 also applies in bankruptcy proceedings to contested matters). Defendants' insistence that they do not have to produce documents because Avante, not Defendants, is in "possession" of such documents, as well as Avante's failure to comply with the subpoena, is thwarting EEOC's ability to do its due diligence to obtain that discovery. Defendants' suggestion that the Court could issue an order precluding the Defendants from offering evidence not produced to EEOC, *see* Dkt. No. 36 at 4, misses the mark because Defendants' position throughout EEOC's attempts to conduct discovery, with which EEOC disagrees, has been that the "merger clause" in the Consent Decree precludes any admission of additional documentation in support or opposition to the motions. *See, e.g.*, Dkt. No. 36 at 4. Accordingly, on information and belief, the Defendants would not even be seeking to offer evidence not produced to the EEOC. The relief suggested by the EEOC in its November 29, 2022 letter was intended to remedy EEOC's inability to conduct a full investigation prior to making its dispositive motion as a result of Defendants' conduct, which has thwarted EEOC from obtaining relevant documents supporting its allegations to which it is entitled.

Accordingly, EEOC is compelled to respectfully request an Order to Show Cause as to why Defendants and Avante should not be subject to sanctions, including contempt, for their failure to fully comply with the Court's November 21, 2022 order and/or third party subpoena. Further, EEOC respectfully requests that Defendants and Avante be ordered to fully comply with the Court's November 21, 2022 Order and/or third party subpoena by a date certain. Finally, EEOC

respectfully requests that EEOC's deadline to file its cross-motion for summary judgment be extended until forty-five days after Defendants and Avante fully comply with the Court's order.

EEOC thanks the Court for its consideration of these requests.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/ Megan J. Freismuth
Megan J. Freismuth
Assistant U.S. Attorney
631-715-7905
Megan.freismuth@usdoj.gov

cc:    Jeffrey Chubak, counsel for Defendants
David Fryman, counsel for Avante

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing Letter was served on this 12th day of December 2022 via the USBC-EDNY's CM/ECF system on those parties registered to receive notice in this case and by email to dfryman@frymanpc.com.

       s/ MEGAN J. FREISMUTH
      MEGAN J. FREISMUTH
      Assistant United States Attorney