UNITED STATES BANKRUPTCY COURT
EASTERN DISTRCT OF NEW YORK

_____

In re:

Absolut Facilities Management, LLC,
*et al.,*

                Debtors.

_____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                Plaintiff,

v.

ABSOLUT FACILITIES
MANAGEMENT, LLC, *et al.,*

                Defendants.

_____

Chapter 11

Case No.: 19-76260-ast

(Lead Case – Jointly Adm.)

Adv. Proc. No. 20-8055-AST

**ORDER COMPELLING DEFENDANTS AND AVANTE CARE MANAGEMENT LLC
TO PRODUCE DOCUMENTS, AND FOR SANCTIONS**

In March 2020, Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed this Adversary Proceeding seeking, *inter alia*, declaratory and injunctive relief against Absolut Facilities Management, LLC ("AFM") and its affiliated debtor entities (collectively, "Debtors" and "Defendants") (the "Complaint"). [dkt item 1] The EEOC alleges, *inter alia*, that Debtors violated an October 19, 2018, pre-petition consent decree entered by the United States District Court for the Western District of New York in *EEOC v. Absolut Facilities Management, LLC et al.*, 1:18-cv-01020 (the "Consent Decree"). Specifically, the EEOC seeks entry of a judgment declaring that the $425,000 settlement fund created on November 27, 2018 pursuant to the Consent Decree (the "Settlement Fund") is not property of Debtors' bankruptcy estate.

Discovery ensued. By Order entered May 31, 2022, this Court established a protocol for both parties to move for summary judgment (the "SJ Order" [dkt item 22].

On September 9, 2022, the EEOC filed a letter motion to compel (the "Motion") pursuant to Rule 7037 of the Federal Rule of Bankruptcy Procedure (each, a "Bankruptcy Rule") and Rule 7007-1 of the Local Bankruptcy Rules for the Eastern District of New York (each, an "LBR"), seeking an order compelling Defendants to produce documents requested in Plaintiff's June 17, 2022 discovery demands.

In addition, on July 15, 2022, the EEOC issued a subpoena to Avante Care Management LLC ("Avante") for documents it also sought from Debtors (the "Avante Subpoena").

On November 8, 2022, the Motion came before the Court. Having considered the arguments of the parties, and with good cause appearing therefor, the Court Ordered Defendants to produce the documents requested in Plaintiff's June 17, 2022 discovery demands by November 28, 2022 (the "Discovery Order") [dkt item 32].

On November 29, 2022, EEOC filed a letter advising that Defendants had not produced documents as required by the Discovery Order, and asked that the Court enter default judgment in favor of the EEOC or grant relief under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure (each, a "Rule"), as incorporated by Bankruptcy Rule 7037 (the "Default Letter") [dkt item 34].

On December 9, 2022, Defendants submitted a response to the Default Letter, essentially advising that it is not their fault, but the fault of Avante, that responsive documents have not been produced (the "Dec 9 Letter") [dkt item 36].

On December 12, 2022, the EEOC submitted a response to the Dec 9 Letter, stating:

Defendants acknowledge that Avante has identified thousands of documents potentially responsive to search terms provided by EEOC, but neither Defendants nor Avante have

> produced any of those documents. *See* Dkt. No. 36 at 1 n.1. And while Defendants'
> counsel state, without support, that they "believe it unlikely" the documents retrieved
> "would yield relevant information," *id*., Avante has not informed EEOC that no further
> responsive documents exist. Indeed, as Defendants note, the search for documents using
> the search terms provided by the undersigned in an attempt to expedite the process
> yielded approximately 92,000 documents.

(the "Dec 12 Letter") [dkt item 37].

The EEOC's need for this discovery has been before this Court for a substantial period of time. The EEOC seeks this discovery, *inter alia*, so that it may move for summary judgment on its primary claim to enforce the Consent Decree. In its Default Letter, the EEOC suggests that an appropriate remedy for Defendants' discovery violation would be an order (1) granting default judgment in favor of EEOC and releasing the $425,000 Settlement Funds pursuant to the Consent Decree, or, (2) at a minimum, directing that the matters embraced in the Discovery Order or other designated facts be taken as established for purposes of the action, and prohibiting Defendants from supporting or opposing designated claims or defenses, as allowed under Rule 37(b)(2)(A)(i), (ii), (vi).

In its Dec 12 Letter, the EEOC requests that Defendants and Avante be subject to sanctions, including contempt, for their failure to fully comply with the Court's Discovery Order and/or the Avante Subpoena. Further, the EEOC requests that Defendants and Avante be ordered to fully comply with the Court's Discovery Order and/or the Avante Subpoena. Finally, the EEOC requests that EEOC's deadline to file its cross-motion for summary judgment be extended until forty-five days after Defendants and Avante fully comply with the Court's orders.

Rule 26(b), as incorporated by Bankruptcy Rule 7026, provides, *inter alia*:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Neither Defendants nor Avante have asserted that the information sought by the EEOC is beyond the proper scope of discovery.

> Rule 37(b) provides, *inter alia,* that when a party:
>
> fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court … may issue further just orders. They may include the following:
>
>> (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;

The Second Circuit has held that a trial court has "wide discretion in imposing sanctions under Rule 37." *S. New England Tel. Co. v. Glob. NAPs Inc.,* 624 F.3d 123, 144 (2d Cir. 2010); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 135 (2d Cir.2007). However, dismissal of a lawsuit or claim or entry of a default judgment is only justified if the trial court finds that the failure to comply with discovery orders was due to "willfulness, bad faith, or any fault" of the party sanctioned.

Here, the EEOC has made the requisite showing that Defendants have violated the Discovery Order and that appropriate relief should be granted under Rule 37. Defendants have not produced the required documents, and have not demonstrated that the requested documents are not or should not have been in their possession or under their custody or control.

In their Dec 9 Letter, Defendants state:

During Defendants' chapter 11 cases, commenced ten months after the bank account that is the subject of this action was funded, the Court entered a sale order (Case 19-76260, Dkt. 446) authorizing the sale of Defendants' facilities to RCA Healthcare Management, LLC and its affiliates. The sale is phased, with the purchaser operating Defendants' facilities under an Administrative Services and Consulting Agreement ("ASA") pending Department of Health approval of the purchaser's certificate of need applications and the purchaser subsequently closing on an Asset Purchase Agreement (both agreements are filed at Case 19-76260, Dkt. 432). On or about June 1, 2020, which is after the ASA (March 1, 2020) and chapter 11 plan became effective (May 20, 2020, Dkt. 595), Billit was wound down and its records transferred to Avante, which is not owned, managed or otherwise controlled by Israel Sherman and which does not service any of Defendants' facilities. (Sherman Decl. ¶5; Mattucci Decl. ¶2.)

Thus, as of the filing of this adversary proceeding in March 2020, Defendants were still operating as chapter 11 debtors and had full access to the records they now say were transferred to Avante sometime on or after June 1, 2020. They were under a continuing obligation to preserve evidence which they had notice was relevant to this litigation. *See ComLab v. Kal Tire and Kal Tire Mining Tire Group*, 815 F. App'x 597, 600 (2d Cir. 2020) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)). As this Court has previously opined: while this preservation obligation does not require the party to retain every shred of paper, every e-mail or electronic document, "anyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary." *Tyler v. Peterson*, 2022 WL 11629009, at *3 (E.D.N.Y. Oct. 20, 2022)(citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003), and *Turner v. Hudson Transit Lines, Inc.,* 142 F.R.D. 68, 72 (S.D.N.Y. 1991)). "While a litigant is under no duty to keep or retain every document in its possession . . . it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending

discovery request." *Tyler*, 2022 WL 11629009, at *3 (quoting *Zubulake*, 220 F.R.D. at 217)).

Rule 37(e) expressly addresses the failure to preserve electronically stored information ("ESI") and potential sanctions:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> >
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> >
> > > (A) presume that the lost information was unfavorable to the party;
> > >
> > > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> > >
> > > (C) dismiss the action or enter a default judgment.

Defendants should have preserved the records relevant to this litigation before transferring their ESI to Avante or anyone else. Failure to preserve information may result in a finding of spoliation, which is "the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Europe v. Equinox Holdings, Inc., et al.*, 592 F. Supp.3d 167, 174 (S.D.N.Y. 2022); *see also In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 148 (2d Cir. 2008); *Allstate Ins. Co and Granite Mut. Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 457 (2d Cir. 2007). "The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge, and is assessed on a case-by-case-basis." *Fujitsu,* 247 F.3d at 436 (internal citations omitted).

However, this Court does not find the requisite willfulness, bad faith or other fault that

would justify entry of a default judgment, nor does it find that the information the EEOC is entitled to is lost or that Defendants acted with the intent to deprive the EEOC of the information's use in this litigation. Rather, this Court finds that Defendants improperly sought to shift to Avante their obligations to retain the ESI and/or provide the discovery to the EEOC. Thus, an appropriate sanction short of a default judgment is warranted.

As to Avante, Rule 45(g), as incorporated by Bankruptcy Rule 9020, provides, *inter alia*:

> (g)　　CONTEMPT. The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

This Court also finds that Avante has failed to fully comply with the Avante Subpoena.

Based on the above, it is hereby

ORDERED that the relief request in the EEOC's Default Letter and the Dec 12 Letter is hereby granted in part, as follows:

> Defendants are prohibited from opposing the EEOC's claims that the Settlement Fund was created on November 27, 2018 pursuant to the Consent Decree; are prohibited from introducing any evidence disputing that the Settlement Fund was deposited on or about November 27, 2018 into a Settlement Funds Escrow Account at M&T Bank ending in 7673, under an account held by Absolute Facilities Management, LLC; are prohibited from disputing that Defendants did not disclose the Settlement Fund as an asset of Defendants in their initial filings submitted to this Court in the main bankruptcy proceeding; are prohibited from disputing that, and that at no time prior to the commencement of this adversary proceeding did Defendants ever identify the Settlement Fund as property of the bankruptcy estates on any of the schedules submitted to this Court; and are prohibited from disputing that Defendants did not amend their disclosures

to include the Settlement Fund as an asset; and it is further

ORDERED, that Defendants are deemed to have admitted the factual allegations contained in paragraphs 16 through 42 of the Complaint; and it is further

ORDERED, that Defendants shall file an answer on or before **March 6, 2023**; and it is further

ORDERED, that Defendants shall make a diligent search for all books, records, files, and other documents (whether written, digital or electronic) required to be produced under the Discovery Order and shall produce all documents requested in plaintiff's June 17, 2022 discovery demands in its possession or under its custody or control by **March 6, 2023**, and shall by **March 6, 2023** file an affidavit of a person with knowledge of the search for such documents identifying all efforts made to locate and produce such documents, and identifying by categories of requests all such documents which have been produced; and it is further

ORDERED, that Avante Care Management LLC shall make a diligent search for all books, records, files, and other documents (whether written, digital or electronic) required to be produced under the Avante Subpoena and shall produce all documents requested in the Avante Subpoena in its possession or under its custody or control by **March 6, 2023**, and shall by **March 6, 2023** file an affidavit of a person with knowledge of the search for such documents identifying all efforts made to locate and produce such documents, and identifying by categories of requests all such documents which have been produced; and it is further

ORDERED, that the SJ Order is modified as follows: the parties shall file a joint statement of material facts pursuant to Bankruptcy Rule 7056 and Local Bankruptcy Rule 7056-1 on or before **April 3, 2023** along with a brief in support of summary judgment; Plaintiff may file an additional statement of material facts on or **April 17, 2023**; Plaintiff and Defendants may file

a brief in opposition to summary judgment on or before **May 8, 2023**; no replies or further pleadings shall be allowed on summary judgment without leave of court; and it is further

ORDERED, that a pre-trial conference shall be held on **May 23, 2023 at 2:00 p.m.**



Dated: February 13, 2023
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge