**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRCT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al.*<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br>(Jointly Administered) |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ALLEGANY, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT AURORA PARK, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT GASPORT, LLC, ABSOLUT AT ORCHARD BROOKE, LLC, ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ORCHARD PARK, LLC ABSOLUT CENTER FOR NURSING AND REHABILITATION AT THREE RIVERS, LLC and ABSOLUT CENTER FOR NURSING AND REHABILITATION AT WESTFIELD, LLC,<br><br>　　　　　Defendants. | Adversary Proceeding<br>No. 20-08055-ast |

**EEOC'S REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") respectfully submits this reply memorandum of law in response to portions of Defendants' Opposition ("Defendants' Opposition") and in further support of the EEOC's cross-motion for summary judgment pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056. Defendants' arguments in opposition that are not specifically addressed herein were already addressed in Plaintiff's opening memorandum of law.

**ARGUMENT**

I. **A GRANT OF SUMMARY JUDGMENT IN FAVOR OF THE EEOC IS APPROPRIATE BECAUSE DEFENDANTS CONCEDE THE EEOC'S ARGUMENT THAT INSURANCE PROCEEDS ARE NOT PART OF THE BANKRUPTCY ESTATE**

As an initial matter, Defendants failure to address the EEOC's argument that the insurance proceeds, of which the Settlement Fund is undisputedly comprised, are not property of the estate is a concession of this point. For this reason alone, the Court may grant the EEOC's cross-motion for summary judgment. *See, e.g.*, *McCalla v. SUNY Downstate Med. Ctr.*, No. 03-CV-2633, 2006 WL 1662635, at *7 (E.D.N.Y. June 8, 2006)(Bianco, J.); *Lipton v. County of Orange*, 315 F.Supp.2d 434, 446 (S.D.N.Y.2004) ("This Court may, and generally will, deem a claim abandoned when a [non-moving party] fails to respond to a [moving party's] arguments . . . ."). Notably, Defendants' Opposition addressed all of the EEOC's other arguments and requested that summary judgment be granted in *their* favor "based on the record of this motion". Def. Opp. at 12.

II. **THE TRUST BENEFICIARIES WERE INDENTIFIABLE AT THE TIME OF THE BANKRUPTCY PETITIONS**

Defendants erroneously contend that the Settlement Funds are not held in trust because the beneficiaries were not identified, nor identifiable, as of the date of the bankruptcy petition (*i.e.*,

1

September 10, 2019). Def. Opp. at 3-4. The EEOC Claimants, the beneficiaries of the Settlement Funds, were expressly described in the Consent Decree as "individuals who were subjected to alleged unlawful employment practices on the basis of disability and/or pregnancy as defined by Section II(A) and (B) of this Decree at any time between December 9, 2014 through the Effective Date of this Decree." Freismuth Decl. Ex. B, at Section I(B)(3). Here, the *description* of the claimant class creates a valid trust, not whether the claimants are individually named. *See, e.g.*, *Holmes v. Mead*, 52 N.Y. 332, 332 (1873) ("In order to sustain a trust the beneficiary need not be described by name; any other designation or description by which he can be identified will suffice."). Defendants concede this point as well. Defendants' Opposition explains, "[i]t is generally held that, in order to create a valid trust, there must be a designation of beneficiaries, or a class of beneficiaries, which must be an ascertainable class, and the designation must be made with reasonable certainty so as to be capable of identification." Def. Opp. at 4 (citing *Ministers and Missionaries Ben. Bd. of AM. Baptist Convention v. McKay*, 64 Misc. 2d 231, 257 (Sup. Ct. N.Y. Co. 1970)). In *Ministers*, a will left the remainder of an estate to an organization that would use the income

> for the alleviation of suffering from arthritic or other incurable disease, illness or condition, and/or for the comfortable maintenance and support, of any person or persons who may be living at the time of my decease and who may be connected by blood (but not beyond the tenth degree), either with my husband, James Pickens McKay, or with me.

*Id.* at 233. The court explained that a trust is valid even if the beneficiaries are left to be determined under a settlor's will. Thus, a valid trust does not require that beneficiaries of a trust be known at time of its creation, just that there is a mechanism through which to identify them.[1] *Id.* at 258.

---

[1] Furthermore, Defendants provide no support for their "presum[ption]" in opposition that the court in *In re Brunswick Hosp. Center Inc.*, 156 B.R. 896, 901-02 (Bankr. E.D.N.Y. 1993) did not need to address whether a trust's beneficiaries were reasonably capable of identification because they had already "filed claims by the time the dispute was presented". Def. Opp. at 5.

Here, that mechanism was the information required to be provided by Defendants to EEOC pursuant to the Consent Decree regarding the potential class members. Pursuant to the Consent Decree, Defendants were to provide EEOC with information from a specified timeframe concerning, *inter alia*, employees terminated under various codes such as "PTD (partial/total disability)" or "DEP (physical/emotional demands of job)"; employees who requested medical or FMLA leave based on disability; and employees who requested an accommodation or leave based on pregnancy, childbirth, or related medical condition. *See* Freismuth Decl. Ex. B, Section VII(B)(2). Defendants provided this information on December 18, 2018. Joint R. 7056-1 ¶ 18. Defendants did not send any updated list from that time to the time they filed their bankruptcy petitions on September 10, 2019. Thus, the names of the EEOC Claimants were just as identifiable when the list was finalized and sent by EEOC to Defendants in December 2019 as they were on September 10, 2019.

## III.   THE EEOC DOES NOT RELY ON INADMISSIBLE PAROL EVIDENCE

The EEOC's cross-motion for summary judgment does not rely upon inadmissible parol evidence, nor attempts to assign a different meaning to any term of the Consent Decree as alleged by Defendants. *See* Def. Opp. at 5-6. "[T]he parol evidence rule excludes evidence of all *prior or contemporaneous* negotiations, agreements or understandings offered to contradict, vary or modify the terms of their writing*." Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07-cv-7998, 2008 WL 3919186, at *1 (S.D.N.Y. Aug. 25, 2008) (emphasis added). *None* of the communications cited by the EEOC in its R. 7056.1 Statement of Additional Material Facts were prior to or contemporaneous with the negotiation of the Consent Decree, which was executed on September 18, 2018. *See* EEOC R. 7056.1, Dkt. No. 43-2, ¶¶ 3-8, 12, 17; Freismuth Decl. Exs. B, K, L, M, O. Indeed, one of the emails to which Defendants object on the grounds of "the parol

3

evidence rule" is dated June 15, 2020. *See* Defendants' Response to EEOC's Statement of Additional Material Facts, Dkt. No. 46, ¶ 17; Freismuth Decl. Ex. O.

Rather, the EEOC submits the aforementioned documents in support of its cross-motion for summary judgment to show the actions the parties took *following* the execution of the Consent Decree in order to fulfill the terms of the Consent Decree, namely, how they set up the "settlement fund" required under the Consent Decree (*see* Freismuth Decl. Ex B, Section VII(B)(1) in mid-November 2018. *See* EEOC R. 7056-1 ¶¶ 7-8; Freismuth Decl. Ex. L. *See Fed. Ins. Co. v. Americas Ins. Co.*, 258 A.D.2d 39, 44 (1st Dep't 1999) (". . . [T]he parties' course of performance under the contract is considered to be the most persuasive evidence of the agreed intention of the parties.") (internal quotations and citation omitted). Here, almost two months *after* the Consent Decree was negotiated and executed, Defendants' insurer advised Defendants that it was cutting a check "to Absolut so that you guys can *set this money aside* to fund the class". EEOC R. 7056-1 ¶7; Freismuth Decl. Ex. L (emphasis added). In response, Defendant's agent asked whether Absolut needed to set up an "escrow account"[2] and how Absolut would know "when a payment needs to be made [to the claimants]". *Id.* These communications, which are not negotiations prior to or contemporaneous with the execution of the Consent Decree, evidence Defendants' understanding that they were merely holding the Settlement Funds in trust.

## **CONCLUSION**

For the reasons set forth herein, and in the EEOC's opening memorandum of law, the EEOC respectfully requests that the Court grant Plaintiff EEOC's cross-motion for summary judgment, declare that Settlement Funds are not property of the bankruptcy estate, order

---

[2] The label "escrow account" in the context of Lisa Mattuci's email does not have any bearing on the legal status of the Settlement Funds.

4

Defendants to distribute the Settlement Funds to the EEOC Claimants pursuant to the Consent Decree, and further grant such other relief the Court deems fair and just.

Dated: Central Islip, New York
      June 12, 2023

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York
                                        610 Federal Plaza, 5th Floor
                                        Central Islip, New York 11722

                                   By:  /s/ Megan J. Freismuth
                                        Megan J. Freismuth
                                        Assistant U.S. Attorney
                                        (631) 715-7905
                                        Megan.freismuth@usdoj.gov